UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JESSE CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. RICHARDS, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-00859-JCS (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. No. 21 |

**INTRODUCTION**

Defendants move to dismiss plaintiff's 42 U.S.C. § 1983 complaint under Federal Rule of Civil Procedure 12(b)(6) on grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit on one of his claims, and that his claims are unrelated and fail to state a claim for relief. (Dkt. No. 21.) Plaintiff has not filed any response to the motion.

Defendants are correct. The complaint, which contains two claims, cannot proceed as currently constituted. Plaintiff alleges (i) he has a poultry allergy; and (ii) he was denied a pair of therapeutic boots. Both claims cannot proceed in this action because (a) the claim are unrelated; (b) plaintiff did not exhaust his administrative remedies regarding his therapeutic boots until after he filed suit, and (c) his claims against the grievance reviewers must be dismissed without leave to amend.

Accordingly, defendants' motion to dismiss is GRANTED, and the complaint is DISMISSED with leave to file an amended complaint on or before **June 20, 2022**. Failure to file a proper amended complaint by June 20, 2022 will result in the dismissal of this suit under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The parties have consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c). (Dkt. Nos. 3 and 16.)

## BACKGROUND

Plaintiff alleges that he is allergic to poultry. (Compl., Dkt. No. 1 at 2.) According to plaintiff, J. Richards, the Warden of Pelican Bay State Prison, has been aware of the allergy for two years while "knowing my hand break[s]out in very bad rash, [and I have] skin tearing open and bleeding." (*Id.* at 3.) He asserts that Richards "is responsible for everything employees do here." (*Id.* at 2-3.) However, his allegations fail to connect Richards (or anyone else) to any specific wrongdoing.

Plaintiff also alleges unnamed individuals denied him therapeutic boots that were prescribed by his doctor. (*Id.* at 2.) The record shows that plaintiff did not exhaust his administrative remedies regarding this claim prior to filing suit. This suit was filed on February 3, 2021. But, according to materials plaintiff submitted to the Court, his grievance was not exhausted until June 4, 2021, four months after suit was filed.[1] (Plaintiff's Lodging of Evidence, Dkt. No. 20 at 4.) He names as defendants the grievance reviewers who denied his grievances.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or

---

[1] This grievance (PBSP HC 21000043) appears to be a duplicate of an earlier-filed grievance. "Your issue regarding therapeutic boots will be no addressed herein as this is a duplicate issue to that in health care grievance tracking number PBSP HC 21000362." (Plaintiff's Lodging of Evidence, Headquarters' Level Response, Dkt. No. 20 at 3.)

"the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

## DISCUSSION

### I.   Unrelated Claims

Because the two claims are unrelated by fact or defendant, plaintiff cannot bring them in one action. Under Federal Rule of Civil Procedure 20, persons may be joined in one action as defendants only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Plaintiff's claim regarding his poultry allergy and his claim regarding his therapeutic boots involve different defendants acting at different times, and therefore fall afoul of Federal Rule of Civil Procedure 20. <u>Plaintiff must decide which **one** of his two claims he wishes to pursue in this suit.</u>

### II.   Poultry Allergy

Plaintiff's allegations regarding his poultry allergy fail to state any claim for relief. He has not described any specific incident in which he was injured, nor named any person who was directly responsible for any specific instance of an allergic reaction.

This is insufficient under federal pleading standards. A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot

3

reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Because plaintiff has failed to allege any facts linking responsibility to Richards or to anyone, he has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Also, plaintiff has not alleged facts showing that Richards (or anyone) had the requisite state of mind to violate plaintiff's Eighth Amendment rights. To show a violation of the Eighth Amendment, a plaintiff must show (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *Farmer*, 511 U.S. at 834.

In composing his amended complaint, plaintiff should keep in mind the following. Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

Plaintiff must be mindful about naming as defendants persons who occupy supervisory positions, such as defendant Richards. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This means that it is not enough that the supervisor merely has a supervisory relationship over the

4

defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 676 (noting no vicarious liability under Section 1983 or *Bivens* actions).

Accordingly, plaintiff's poultry allergy claim is DISMISSED with leave to file it in his amended complaint. Again, plaintiff must decide which one of his two claims he will pursue.

### III. Therapeutic Boots

As noted above, plaintiff did not exhaust his administrative remedies regarding his therapeutic boots claim prior to filing suit. This suit was filed on February 3, 2021, but his grievances were not exhausted until June 4, 2021, four months after suit was filed.

An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Plaintiff's claims against the grievance reviewers (T. McDaniel; B. Woods; and S. Gates) are DISMISSED <u>without</u> leave to amend. Grievance reviewers are not responsible for the underlying constitutional violation. Mere involvement in reviewing an inmate's administrative grievance does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id.* "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Id.*

Plaintiff's claims against the grievance reviewers fail for the additional reason that they were simply following medical advice in denying him his boots. "On April 20, 2021, you were seen by the primary care provider where it was noted you did not meet the criteria for special orthotics at that time."[2] (Plaintiff's Lodging of Evidence, Headquarters' Level Decision, Dkt. No. 20 at 3.) Plaintiff should consider naming as defendant(s) the person(s) who denied him his boot accommodation, such as the doctor who examined and denied him in 2021.

Plaintiff's claim regarding his therapeutic boots is DISMISSED without prejudice to raising it in his amended complaint. Again, plaintiff must decide which one of his two claims he will pursue.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. (Dkt. No. 21.) The complaint is DISMISSED with leave to file an amended complaint on or before **June 20, 2022**. The amended complaint must include the caption and civil case number used in this order (21-00859 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above and appear on this Court's form. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

If plaintiff does not file an amended complaint by June 20, 2022, or if the amended complaint is insufficient, this suit will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask

---

[2] Plaintiff alleges he has a "permanent medical chrono for therapeutic boot[]s" that was issued in 2019. (Compl., Dkt. No. 1 at 2.)

for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** May 3, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge